# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JOHN PFEIFFER Individually,
and on behalf of All Others Similarly
Situated Who Consent to Their Inclusion
in a Collective Action;

        Plaintiff,

v.                                                  CASE NO.:

NEXT SOLUTIONS, LLC,
A Tennessee Limited Liability Company,

        Defendant.
_____/

## PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff John Pfeiffer (hereinafter referred to as "Plaintiff") individually, and on behalf of all others similarly situated who consent to their inclusion in this collective and class action, sues the above Defendants, NEXT SOLUTIONS, LLC, for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as the "FLSA") and Florida law, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff John Pfeiffer on behalf of himself, all others similarly situated, and the proposed Rule 23 Class to recover unpaid wages and unpaid overtime wages from Defendant, Next Solutions, LLC (hereinafter "Defendant").

2. Pursuant to Defendant's policies and procedures, Defendant failed or refused to compensate Plaintiff and members of the class for lawfully compensable working time, including time spent (1) driving from one job to another; (2) attending mandatory work meetings, and (3) collecting equipment at Defendant's work headquarters to use at various jobs throughout the day.

3. Much of the time detailed above that went uncompensated would have been classified as overtime hours worked.

4. Further, pursuant to Defendant's policies, Defendant automatically applied an unpaid half-hour break to every five (5) hours worked, whether that break was taken or not.

5. Plaintiff brings this action as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and as an opt-out Rule 23 class action on behalf of himself and the proposed Rule 23 class to remedy violations of Florida law, specifically Chapter 448.08, Florida Statutes. The proposed FLSA Collective and Rule 23 Class consists of all persons who worked as residential cable installers for Defendant in the United States at any time during the applicable statutory periods.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206, because this action involves a federal question under the FLSA.

7. This Court has supplemental jurisdiction over the claims brought pursuant to Florida law pursuant to 28 U.S.C. § 1367(a), as these claims are related to the federal claim brought herein and arise from the same case or controversy as those federal claims.

8. This Court has original and personal jurisdiction over this action because the Defendant is engaged in business within the State of Florida, and the action complained of occurred in Florida.

9. Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) and the Local Rule for the United States District Court, Middle District of Florida 1.02(c) because the Defendant owns and operates facilities in Pinellas County, Florida, and the unlawful conduct occurred within the Tampa Division of this Court.

## PARTIES

**Plaintiff**

10. Plaintiff is an adult resident of Pasco County, Florida. Plaintiff was formerly employed by Defendant as an internet and cable installer, and worked in and around Pinellas, Pasco, and Hillsborough County, Florida.

11. Plaintiff brings this action on behalf of himself and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective were, or are, employed by Defendant as internet and cable installers throughout the United States during the statutory period.

12. Plaintiff and the FLSA Collective are current and former employees of Defendant within the meaning of the FLSA and were, or are, employed by Defendant within three years of the date this Complaint is filed. *See* 29 U.S.C. § 255(a).

13. Additionally, pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of all persons who worked as internet and cable installers for Defendant in Florida at any time in the two years prior to the filing of this Complaint (the "Rule 23 Class").

14. At all relevant times, Plaintiff and members of the proposed Rule 23 Class were "employees" within the meaning of Chapter 448.101(2), Florida Statutes.

**Defendant**

15. Defendant Next Solutions, LLC is a Tennessee Limited Liability Company with a principal executive office located at 546 Brandies Circle, Suite 101, Murfreesboro, Tennessee 37128.

16. Defendant is a national limited liability company that provides cable, internet, and phone installation to residential and commercial customers across the United States. Defendant typically acts as a subcontractor to a major cable company, such as WOW Cable or DirecTV.

17. Currently, Defendant has thirty-one (31) locations that provide service in twelve (12) states.

18. At all relevant times, Defendant's gross annual sales or business done has been in excess of $500,000.00.

19. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(d).

20. Defendant operates in interstate commerce by, among other things, installing equipment and materials purchased from companies in other states, handling business across various states, managing employees throughout 12 different states, and receiving orders in all the states in which they currently operate.

**FACTUAL ALLEGATIONS**

21. Plaintiff and members of the proposed FLSA Collective and Rule 23 Class are individuals who were, or are, employed by Defendant as internet and cable installers. Internet and cable installers are employees who go to a customer's home or business and install equipment necessary for cable access and internet service.

22. Plaintiff and members of the proposed FLSA Collective and Rule 23 Class were paid both on a "per job" basis and on an hourly basis, with overtime hours applied for all hours worked over forty (40) per workweek.

23. Once Plaintiff and members of the proposed FLSA Collective and Rule 23 Class had accumulated over forty (40) hours in a workweek, Defendant would apply a mathematical calculation to determine what each employee's regular rate of pay was, and compute one and one-

half times that rate to achieve the overtime rate. Upon request by Plaintiff, Defendant refused to disclose the equation used to calculate his overtime rate.

24. In addition, Plaintiff and members of the proposed FLSA Collective and Rule 23 Class earned paid time off ("PTO") based on the amount of hours they worked. Once they hit certain benchmarks for hours worked, they earned a certain number of PTO hours or days.

25. During Plaintiff and members of the proposed FLSA Collective and Rule 23 Class' employment, Defendant maintained a policy that a half-hour break would be assessed against each employee every five (5) hours worked, whether that break was taken or not. In almost every case, this break was not taken.

26. Pursuant to policy and practice, Defendant refused to compensate Plaintiff and members of the proposed FLSA Collective and Rule 23 Class for time they spent driving from one job to another.

27. Pursuant to policy and practice, Defendant refused to compensate Plaintiff and members of the proposed FLSA Collective and Rule 23 Class for time spent at Defendant's work headquarters collecting equipment to be installed throughout the day.

28. Pursuant to policy and practice, Defendant refused to compensate Plaintiff and members of the proposed FLSA Collective and Rule 23 Class for time spent driving from Defendant's work headquarters to each employee's first job of the day.

29. Pursuant to policy and practice, Defendant refused to compensate Plaintiff and members of the proposed FLSA Collective and Rule 23 Class for time spent attending mandatory weekly work meetings, which typically lasted an hour each.

30. All of the hours worked detailed in paragraphs 25-29 above constitute compensable time under the FLSA.

31. Many of the hours detailed in paragraphs 25-29 above were hours worked in excess of forty (40) during each respective workweek, and accordingly, would have to be paid at one and one-half times each employee's regular rate of pay.

32. Plaintiff and members of the FLSA Collective and proposed Rule 23 Class were non-exempt from the overtime provisions of the FLSA, and Defendant classified them as such during their employment.

33. Not only did Defendant's refusal to compensate Plaintiff and members of the proposed FLSA Collective and Rule 23 Class for this work time affect their weekly compensation, it also affected the PTO hours each employee earned.

34. Defendant was aware, or should have been aware, that Plaintiff and members of the proposed FLSA Collective and Rule 23 Class performed work which required they be compensated at either their regular rate or their overtime rate, depending on each employee's total hours worked that week at the time the work was completed.

35. Defendant was aware, or should have been aware, that many of the hours worked by Plaintiff and members of the proposed FLSA Collective and Rule 23 Class which Defendant refused to compensate were overtime hours, and thus, must be paid at one and one-half times each employee's respective regular rate.

36. Defendant's failure to compensate Plaintiff and members of the proposed FLSA Collective and Rule 23 Class for all compensable hours worked was willful and intentional, or in reckless disregard for the law.

37. Defendant's failure to compensate Plaintiff and members of the proposed FLSA Collective and Rule 23 Class for all overtime hours worked was willful and intentional.

38. Plaintiff has hired the undersigned attorneys, and agreed to pay them a reasonable fee.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings Count One on behalf of himself and all similarly situated individuals. The proposed FLSA Collective class is defined as follows:

> All persons who worked in the position or cable and/or internet installer (or similar job position) for Next Solutions, LLC at any time in the three years prior to the filing of this Complaint.

40. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit "A."

41. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

42. As described in the preceding paragraphs, during the applicable statutory period, Plaintiff and members of the proposed FLSA Collective worked numerous compensable hours each week that went uncompensated, and many of those hours were overtime hours.

43. Defendant willfully violated the FLSA by knowingly failing and refusing to pay its installers for all compensable time worked, and all overtime hours worked, during the statutory period.

44. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective during the time period indicated. Accordingly, notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have suffered from Defendant's practices and who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings Count Two individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Rule 23 Class is defined as:

> All persons who worked in the position or cable and/or internet installer (or similar job position) for Next Solutions, LLC at any time in the three years prior to the filing of this Complaint.

46. The persons in the proposed Rule 23 Class are so numerous that joinder of all of the proposed Rule 23 Class members is impracticable. While the precise number of class members has not been determined at this time, at least thirty (30) cable installers currently work for Defendant in their Florida locations. Potentially hundreds of installers have worked for Defendant in their Florida locations in the past two (2) years.

47. There are questions of law and fact in common to the proposed Rule 23 Class that predominate over any questions solely affecting individual class members of the proposed Class, including but not limited to:

   a. Whether Defendant violated the FLSA by failing to pay installers any compensation for time worked attending mandatory meetings, driving from one job to another, collecting equipment at Defendant's premises, and driving to each employee's initial job;

   b. Whether Defendant violated the FLSA by failing to pay installers overtime compensation for the activities described in paragraph 46(a) above, when those activities were done in excess of forty (40) hours worked in each workweek;

   c. Whether Defendant violated Chapter 448.08, Florida Statutes, by failing to pay installers any compensation for time worked attending mandatory meetings, driving

        from one job to another, collecting equipment at Defendant's premises, and driving to each employee's initial job;

  d. The proper measure of damages sustained by the Rule 23 Class; and

  e. Whether Defendant should be enjoined from such violations in the future.

48. Plaintiff's claims are typical of those of the proposed Rule 23 Class. Plaintiff, like other members of the proposed Rule 23 Class, worked as a cable and internet installer for Defendant. Like other members of the proposed Rule 23 Class, Plaintiff was required to attend weekly mandatory meetings and was not compensated for such time. Like other members of the Rule 23 Class, Plaintiff was not compensated for time spent driving from one job to another, for collecting equipment from Defendant's headquarters, or for driving from Defendant's headquarters to his first job of the day. Moreover, like other members of the proposed Rule 23 Class, Plaintiff was assessed a half-hour, unpaid break every five (5) hours he worked, regardless of whether he actually took that break.

49. Plaintiff will fairly and adequately protect the interests of the proposed Rule 23 Class, and has retained counsel experienced in complex wage and hour litigation, including collective and class actions.

50. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant.

51. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making

appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

52. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There does not appear to be any difficulties in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class to the extent required by Fed. R. Civ. P. 23(c).

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME WAGES
### (On behalf of Plaintiff and the FLSA Collective)

53. Plaintiff incorporates by reference all allegations numbered 1-52 contained above into this Count, as if fully stated herein.

54. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

55. As described in the preceding paragraphs, Defendant suffered and permitted Plaintiff and the FLSA Collective to work overtime hours for which they were not compensated in any way.

56. Plaintiff and members of the FLSA Collective are not exempt from the overtime requirements of the FLSA.

57. Defendant's actions, policies, and practices as described herein violate the FLSA's overtime requirement by willfully and knowingly failing to compensate Plaintiff and members of the FLSA Collective for all overtime hours worked during the statutory period.

58. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to all unpaid overtime wages, liquidated damages, prejudgment interest, and attorney's fees and costs incurred in connection with this claim.

### COUNT II: VIOLATION OF FLORIDA STATUTE § 448.07
### UNPAID WAGES
**(On behalf of Plaintiff and the Rule 23 Class)**

59. Plaintiff incorporates by reference all allegations numbered 1-52 contained above into this Count, as if fully stated herein.

60. At all relevant times, Plaintiff and members of the Rule 23 Class were employees of Defendant within the meaning of F.S. § 448.101(2).

61. At all relevant times, Defendant was the "employer" of Plaintiff and members of the Rule 23 Class, within the meaning of F.S. § 448.101(3).

62. During the two years prior to the filing of this Complaint, Defendant suffered and permitted Plaintiff and members of the Rule 23 Class to work without any compensation.

63. Specifically, as described in the preceding paragraphs, Defendant failed to compensate Plaintiff and members of the Rule 23 Class for (1) attending mandatory weekly meetings; (2) time spent driving from one job to another; (3) time spent at Defendant's headquarters collecting equipment to be used on jobs that day; and (4) time spent driving from Defendant's headquarters to each employee's first job of the day. In addition, Defendant assessed half-hour breaks against

Plaintiff and members of the Rule 23 Class every five (5) hours worked, regardless of whether those breaks were taken or not.

64. Defendant's refusal to compensate Plaintiff and members of the Rule 23 Class for all compensable time worked was made knowingly, willfully and intentionally, and in reckless disregard for the law.

65. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and members of the proposed Rule 23 Class have suffered and will continue to suffer a loss of income and other damages. Plaintiff and all members of the proposed Rule 23 Class are entitled to all unpaid wages, prejudgment interest, and attorney's fees and costs incurred in bringing this action.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint, and on all other issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendant as follows:

i. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of the action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

ii. Judgment against Defendant for violations of the overtime provisions of the FLSA;

iii. Judgment that Defendant's violations of the FLSA were willful;

   iv.    An award to Plaintiff and those similarly situated for the amount of unpaid overtime wages owed, liquidated damages, and prejudgment interest on any unpaid overtime wages upon which liquidated damages were not assessed;

   v.    An award of reasonable attorney's fees and costs;

   vi.    Leave to add additional plaintiffs and/or state law claims by motion, by the filing of written consent forms, or by any other method approved by this Court; and

   vii.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, on behalf of himself individually and the proposed Rule 23 Class, prays for relief as follows:

   i.    Certification of the proposed Rule 23 Class as a class action pursuant to Fed. R. Civ. P. 23, for designation of Plaintiff as class representative, and for designation of Plaintiff's counsel as class counsel;

   ii.    Judgment against Defendant for violation of Florida Statute § 448.08, specifically for their failure to pay Plaintiff and members of the Rule 23 Class for all compensable time worked during the two (2) years prior to the filing of this Complaint;

   iii.    An award to Plaintiff and all members of the proposed Rule 23 Class of all unpaid wages, prejudgment interest, and attorney's fees and costs;

   iv.    All further relief that this Court deems just and equitable.

DATED this 11th day of August, 2022, and respectfully submitted by:

*/s/ Nicholas J. Castellano, II*
Nicholas J. Castellano, II, Esq.
Florida Bar Number: 0118601
nick@buckmanandbuckman.com

**BUCKMAN & BUCKMAN, P.A.**
2023 Constitution Boulevard
Sarasota, FL  34231
Telephone: (941) 923-7700
Fax: (941) 923-7736

*Attorneys for Plaintiff, the Putative FLSA Collective and the Putative Rule 23 Class*