## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOHN PFEIFFER Individually, and
on behalf of All Others Similarly
Situated Who Consent to Their
Inclusion in a Collective Action,

       Plaintiff,

vs.

Case No.  8:22-cv-01839-WFJ-JSS

Next Solutions, LLC,
a Tennessee Limited Liability
Company,

       Defendant.
_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND ENTRY OF AN ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff John Pfeiffer and Defendant Next Solutions, LLC jointly move the Court for approval of the settlement agreement entered into in this action (the "Agreement") and entry of an order of dismissal with prejudice.  Plaintiff and Defendant (collectively, the "Parties") have agreed that the terms reflected in the Agreement are mutually satisfactory and represent a fair and reasonable compromise of the claims asserted.  The Court's approval and entry of an order of dismissal will consummate the Agreement between the Parties.  The grounds for this joint motion are set forth in the following memorandum of law.[1]

---

[1] Contemporaneously with this motion, the Parties are filing a Joint Motion to Submit the Settlement Agreement to the Court for *In Camera* Review.

## MEMORANDUM OF LAW

A.  **BACKGROUND**

On August 11, 2022, Plaintiff filed this action against Defendant in which he alleged that Defendant violated the Fair Labor Standards Act (the "FLSA") and § 448.07, Florida Statutes by failing to pay him for all hours worked, including overtime pay for all hours worked over 40 in a workweek.  He specifically alleged that he was required to work "off the clock" performing pre-work activities, while driving between jobs, and while attending mandatory work meetings.  He also alleges that an unpaid 30-minute meal break was applied to every five hours worked, whether the break was taken or not.  (Doc. 1.)  Defendant vigorously denies any and all liability to Plaintiff, and further contends that there are defenses applicable to Plaintiff, which, if asserted, would bar all or part of his claims.

The Parties engaged in early settlement negotiations after the filing of the Complaint, and reached terms of settlement that, if approved by the Court, would completely resolve all the claims by Plaintiff in this action.  The Parties now file this joint motion requesting the Court to approve the Agreement entered into by the Parties in this action and to dismiss this action with prejudice.

B.  **LEGAL PRINCIPLES**

Judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982).  As the Eleventh Circuit held in

*Lynn's Food*,

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352–53.

Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of Plaintiffs' success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th

Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, *2 (M.D. Fla. Jan. 8, 2007) (adopting *Leverso* factors in reviewing an FLSA settlement). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair," and remain aware "that a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *Hamilton*, 2007 WL 328792, at *2 (internal citations omitted).

C.   **LEGAL ANALYSIS**

As discussed above, Defendant denies that it is liable to Plaintiff for additional compensation. Plaintiff acknowledges that the settlement amounts represent a fair and reasonable compromise of his claims. Accordingly, the settlement is fair.

Courts have found no fraud or collusion where both parties were represented by counsel, the amount allocated to the plaintiff was reasonable, and the parties stipulated that the settlement is fair and reasonable. *See Helms v. Cent. Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4-5 (M.D. Fla. Dec. 26, 2006) (applying *Leverso* factors in FLSA settlement). The undersigned counsel represent to the Court that there was no fraud or collusion.

The probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. The Parties continue to disagree over the merits of the claims asserted by Plaintiff. If the Parties continued to litigate this matter, they would be forced to engage in costly

litigation in order to prove their claims and defenses. This settlement, therefore, is a reasonable means for the Parties to minimize future risks and litigation costs.

Further, there has been sufficient investigation and exchange of information to allow counsel to reach a fair and reasonable resolution of this matter. For example, the Parties have engaged in written discovery. Ultimately, the Parties reached a resolution of the disputed wage claim, as well as an amount for liquidated damages and a general release, while Defendant is ceasing to incur further time or costs in defending this action, despite Defendant maintaining that it is not liable to Plaintiff for unpaid wages. In agreeing upon the proposed settlement, the Parties had sufficient information and had conducted an adequate investigation to allow them to make educated and informed analyses of the claims.

The settlement reached in this case did not involve coercion, collusion, or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiff and Defendant.

Finally, this Court should also approve the attorneys' fees and costs provision of the Agreement because the Parties complied with *Bonetti v. Embarq Management* and negotiated Plaintiff's fees and costs independently of the settlement of Plaintiff's FLSA claims. 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("If [plaintiff's recovery and plaintiff's counsel's fees] are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.").

## **CONCLUSION**

For the foregoing reasons, the Parties file this joint motion requesting that the Court approve the proposed settlement agreement and enter an Order dismissing this action with prejudice.

Date:  May 16, 2023

Respectfully submitted,

| | |
|---|---|
| *s/Nicholas J. Castellano, II* | *s/ Reed L. Russell* |
| Nicholas J. Castellano, II, Lead Counsel | Reed L. Russell, Lead Counsel |
|  Fla. Bar. No.: 0118601 |  Fla. Bar No.: 0184860 |
| Buckman & Buckman, P.A. | Julie A. Girard |
| 2023 Constitution Boulevard |  Fla. Bar No.: 124372 |
| Sarasota, Florida 34231 | Phelps Dunbar LLP |
| (941) 923-7700 | 100 South Ashley Drive |
| (941) 923-7736 (FAX) | Suite 2000 |
| Email: nick@buckmanandbuckman.com | Tampa, Florida 33602-5311 |
|  | 813-472-7550 |
| ATTORNEY FOR PLAINTIFF | 813-472-7570 (FAX) |
|  | Email: reed.russell@phelps.com |
|  | Email: julie.girard@phelps.com |
|  |  |
|  | ATTORNEYS FOR DEFENDANT |